Filed 1/12/22  P. v. Zendejas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076366 |
| v. | (Super.Ct.No. RIF1102423) |
| JAVIER SOLORIO ZENDEJAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Godofredo Magno, Judge. Affirmed.

Law Offices of Michael Poole and Michael Poole for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2011, Javier Solorio Zendejas pled guilty to manufacturing or transporting deceptive identification documents. In 2019, he filed a motion to withdraw guilty plea, alleging he did not understand the immigration consequences of his plea. (Pen. Code, § 1473.7, unlabeled statutory citations refer to this code.) The trial judge denied this motion. In October 2020, Zendejas filed another motion, nearly identical to the first, which the trial judge also denied.

Zendejas now appeals the denial of his second motion. He argues he demonstrated that he is eligible for relief by attesting he didn't understand the immigration consequences of his plea, particularly because after his plea changes to immigration law made it much more likely his conviction would subject him to immigration consequences. The People argue Zendejas's motion is collaterally estopped, and in any case his argument fails on the merits. We agree with the People on both points.

I

FACTS

On July 18, 2011, Zendejas pled guilty to manufacturing or transporting deceptive identification documents (§ 483.5, subd. (a)) for possessing a forged social security card and a forged permanent resident card. The judge sentenced him to three years' probation.

Before entering this plea, Zendejas's trial counsel explained that he was on an Immigration and Customs Enforcement hold. The judge explained that re-entering the country illegally would violate his probation conditions, and Zendejas said he understood. The judge didn't advise Zendejas that his plea could carry immigration

2

consequences, but Zendejas did sign a plea form in which he acknowledged he understood his "conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization."

In July 2019, Zendejas filed a motion to withdraw guilty plea under section 1473.7. He argued that when he pled guilty, he didn't understand his crime could constitute a crime of moral turpitude under immigration law, which could have significant immigration consequences. He also argued these potential consequences became more likely after various immigration law decisions that clarified which crimes are considered crimes of moral turpitude. In his accompanying declaration, he said he wasn't advised of any potential immigration consequences and wouldn't have accepted the plea had he known what they were.

The trial judge held a hearing on Zendejas's motion in August 2019 that consisted of oral argument by counsel. After hearing argument, the judge made the factual finding that "Zendejas understood what the immigration consequences were at the time he pled." The judge reasoned that even though cases decided after Zendejas's plea may have affected the potential immigration consequences, Zendejas nevertheless "understood the nature of the plea" at the time he entered it. Accordingly, the judge denied the motion.

Zendejas did not appeal this denial.

In October 2020, Zendejas filed another section 1473.7 motion, which, in all relevant regards, was identical to his first. The only material difference is that in the second motion, he argued the sentencing judge violated section 1016.5 by failing to

3

advise him of the immigration consequences of his plea *on the record*. The same judge who ruled on the first motion held a hearing on the second. At the hearing, the judge noted, "I had already ruled on this motion back in August of 2019. I actually pulled that transcript, and I read it as well, and it does appear that I ruled on it." Zendejas's counsel argued he raised a new ground for relief by alleging a section 1016.5 violation, but the judge said, "my reading of the transcript in the prior proceeding, it's something that I addressed regarding your first points . . . it appear[s] that . . . the new issues you [are] bringing up, I actually had addressed in the prior motion." Accordingly, the judge stated, "I do believe that I've ruled on it; so you are estopped from bringing that up again."

Despite concluding Zendejas was estopped from bringing the second motion, the judge issued a written order denying the motion on its merits.

Zendejas filed a timely notice of appeal.

II

DISCUSSION

Zendejas argues the judge denied his second motion in error because opinions issued after he entered his plea increased the likelihood he would be deported for committing a crime of moral turpitude. The People argue Zendejas's second motion is barred by the doctrine of collateral estoppel and fails on its merits in any case. We agree with the People.

4

"Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings." (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) The doctrine of collateral estoppel applies when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." (*People v. Barragan* (2004) 32 Cal.4th 236, 253.) In short, if a party has already litigated and lost on a given issue, they are barred from raising it again.

Each element of collateral estoppel is satisfied here. As for the first element, the 2019 and 2020 motions assert the same ground for relief, namely, that changes in immigration law made after Zendejas entered his plea made his deportation more likely, and had he known those changes would occur, he would not have taken the deal. As for the third element, the parties were identical in the 2019 and 2020 motions.

Finally, the second element is satisfied because the denial order constitutes a final judgment on the issue. Motions brought under section 1473.7 are appealable as motions after judgment affecting the substantial rights of a party and become final if not appealed within 60 days. (§ 1473.7, subd. (f); Cal. Rules of Court, rule 8.104(a).) As noted, Zendejas did not appeal the denial order and as a result it was final long before he filed his second motion.

Nevertheless, Zendejas argued at the trial court level—though not in his briefing here—that his second motion asserted a new ground for relief by claiming the sentencing

5

judge violated section 1016.5's requirement of an on-the-record advisement. Contrary to his assertions below, this was not a new ground for relief. The judge was aware of the alleged section 1016.5 violation during the hearing on the first motion and made his decision with the allegation in mind. The judge explained it was immaterial whether the sentencing judge had violated section 1016.5 because the record demonstrated "Zendejas understood what the immigration consequences were at the time he pled." That is, the court concluded that *regardless* of whether Zendejas was or wasn't properly advised, he was not prejudiced by this alleged error because he did understand the terms of his plea and its potential immigration consequences at the time he pled. Therefore, Zendejas already litigated and lost on this issue, and was collaterally estopped from raising it again.

We also agree with the People that even if Zendejas's motion was not barred by collateral estoppel, it would fail on the merits. Section 1473.7, subdivision (a)(1), requires the moving party to demonstrate "prejudicial error damaging [their] ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences." But the misunderstanding Zendejas alleges postdates his plea, and therefore necessarily could not have affected his ability to understand and accept the potential immigration consequences. Postplea changes in the law do not affect a defendant's contemporaneous understanding of the consequences of their plea agreement. Therefore, even if Zendejas were not collaterally estopped from bringing this motion, we would nevertheless conclude the trial judge properly denied the motion on its merits.

### III

### DISPOSITION

We affirm the order denying Zendejas's section 1473.7 motion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
                                                    J.

We concur:

RAMIREZ _____
                    P. J.

MILLER _____
                    J.

7